# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

**TIMOTHY R. HOTT, ESQ. (6729)**
**LAW OFFICES OF TIMOTHY R. HOTT , P.C.**
100 Challenger Rd. - Suite 402
Ridgefield Park, New Jersey 07660
T: (201)994-0400; F: (631) 980-3650
Email: timhott@gmail.com
Attorney for the Plaintiffs

| | |
|---|---|
| Sheet Metal Workers Local Union No. 22, Sheet Metal Workers Local 22 Welfare, Pension, Annuity, Education, Vacation and Unemployment Funds and the Boards of Trustees thereof<br><br>*Plaintiff(s)*<br><br>vs.<br><br>National Air Balance Co.<br>123 Azalea St.<br>Paramus, NJ 07652<br><br>*Defendant(s)* | <u>CIVIL ACTION</u><br><br>CIVIL ACTION NO.<br><br><br>**<u>COMPLAINT</u>** |

PLAINTIFFS, Sheet Metal Workers Local Union No. 22 , Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof, having their principal offices at 106 South Avenue, Cranford, Union County, New Jersey, complaining of the Defendant, National Air Balance Co.,, whose principal offices are located at 123 Azalea St., Paramus, Morris County, NJ 07652, say:

## **THE PARTIES**

1.  Plaintiffs, Sheet Metal Workers Local 22 Welfare, Pension, Annuity Education, Vacation and Unemployment Funds and the Boards of Trustees thereof, each are trusts or parts of trusts established pursuant to Sections 302(C)(5) of the National Labor Relations Act, as amended (29 U.S.C. 186 (C)(5)), and pursuant to E.R.I.S.A., 29 U.S.C. 1001, et seq. for the purpose of providing pension, welfare and annuity and other benefits for employees of employers covered by the provisions of a collective bargaining agreement between the Sheet Metal Workers Local Union No. 22 (hereinafter "Union") and such employers signed to collective bargaining agreements with said Union or by virtue of said employer's having given collective bargaining authority to the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association). The Boards of Trustees of the Funds consist of an equal number of Union and Employer representatives appointed by their respective appointing entities to administer said Funds.

2.  Plaintiff, Sheet Metal Workers Local Union No. 22 ("Union") is an unincorporated labor organization which is the exclusive collective bargaining representative of employees of employers who are parties to a collective bargaining agreement with the Sheet Metal Contractors' Association of Union, Morris, Somerset and Sussex Counties, New Jersey Chapter, Inc. (Association) which Association is the collective bargaining representative of employers of

employees represented by the Union.

3.  Defendant, is an employer who employs employees who are represented by the Union.  Defendant is bound to the current collective bargaining agreement between the Union and the Association as described in paragraph #1, above.

## JURISDICTION

4.   Jurisdiction of this Court is invoked in this matter under 29 U.S.C. 185,  29 U.S.C. 1145 of ERISA 29 U.S.C. 1001 et seq., and under 28 U.S.C. 1331.

5.  Jurisdiction of this Court is also invoked under 29 U.S.C. 1132(a)(3)(B) and 29 U.S.C. 1132(g)(2) to enforce the rights of Plaintiffs as to their procedures for collection of moneys due said Funds and their procedures for verifying the accuracy of the contributions made to said Funds by contributing employers such as the defendant.

## FIRST COUNT

6.  Plaintiffs repeat and reallege the foregoing paragraphs as if set forth in full herein.

7.  29 U.S.C. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

8.  29 U.S.C.A. Section 1145 requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain

specified amounts in accordance with the Trust Agreements and the procedures specified by the Trustees of the respective Trusts.

9.    The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees by the twentieth day following the end of each calendar month for the amounts due and accrued as owing for the preceding month..

10.   From January 1, 2017 through September 30, 2017, defendant failed to remit payments to any of the aforesaid plaintiffs.   Defendant is delinquent in the payment of monies due to the plaintiff in the estimated amount of $89,539.20 for that period.

11.   Defendant may also be indebted to plaintiffs for additional sums unpaid and accruing as delinquent during the pendency of this cause of action.

12.   In accordance with the applicable provisions of the Employees Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), the ERISA plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages at the rate of 20% of the principal sum due said ERISA funds, reasonable attorney's fees, together with costs of suit.

**WHEREFORE**, plaintiffs demand judgment against the defendants:

(a)    For the entry of judgment in an amount equal to the principal sum due and owing to the ERISA plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages

in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

(b)    For the entry of judgment in an amount equal to the principal sum due and owing all non-ERISA plaintiffs at the time judgment is entered, plus interest, costs and such other and further relief as the Court deems equitable and just under the circumstances.

## **SECOND COUNT**

13.    Plaintiffs repeats and reallege every paragraph of the First Count as if the same were set forth at length herein.

14.    The collective bargaining agreement between the Union and Association requires the defendant to remit payments to plaintiffs on account of its employees represented by the Union in certain specified amounts in accordance with the Trusts Agreements and the procedures specified by the Trustees of the respective Trusts.

15.    The procedure established by the Trustees of each of the respective Trusts require that Employers remit payments on account of such employer's employees weekly.

16.    From January 1, 2017 to September 30, 2017, defendant failed to remit payments to any of the aforesaid plaintiffs. Defendant is delinquent in the payment of monies due to the plaintiff in the estimated amount of $89,539.20 for that period.

17.   Defendant may also be indebted to plaintiffs for additional sums unpaid and
      accruing as delinquent during the pendency of this cause of action.

18.   In accordance with the applicable provisions of the Employees Retirement
      Income Security Act of 1974, as amended, 29 U.S.C. Section 1132(g)(2), the
      ERISA plaintiffs are entitled to interest at the rate set by 26 U.S.C.A. Section
      6621, liquidated damages at the rate of 20% of the principal sum due said
      ERISA funds, reasonable attorney's fees, together with costs of suit.
      WHEREFORE, plaintiffs demand judgment against the defendants:

      (a)   For the entry of judgment in an amount equal to the principal sum due
            and owing to the ERISA plaintiffs at the time judgment is entered, plus
            interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages
            in the amount of 20% of the principal sum due, reasonable attorneys
            fees, costs of suit and such other relief as is deemed equitable and just.

      (b)   For the entry of judgment in an amount equal to the principal sum due
            and owing all non-ERISA plaintiffs at the time judgment is entered, plus
            interest, costs and such other and further relief as the Court deems
            equitable and just under the circumstances.

## **THIRD COUNT**

19.   Plaintiffs repeat and reallege each and every paragraph of the preceding
      counts as if set forth in full herein.

20.   The collective bargaining agreement between the parties also requires that Defendant deduct certain moneys, pursuant to employee authorization, from the wages of employees and forward same to the Union for dues and assessments owed to the Union by employees of the Defendant who are members of and represented by Plaintiff Union.

21.   The collective bargaining agreement between the parties also requires that Defendant deduct certain moneys from the wages of employees and forward same to the Union for Vacation Pay for employees of the Defendant who are members of and represented by Plaintiff Union.

22.   The collective bargaining agreement between the parties also requires that Defendant deduct, pursuant to employee authorization, certain moneys from the wages of employees and forward same to the Union for employee contributions to the Political Action Committee by employees of the Defendant who are members of and represented by Plaintiff Union.

23.   Defendant has deducted money from the wages paid to employees who are members of and represented by Plaintiff Union, pursuant to employee authorization, but has failed and refused to forward and pay over any of the money which it has deducted from the employees' wages.

24.   The Defendant's failure and refusal to forward and pay over any of the money which it has deducted from the employees' wages constitutes unlawful conversion.

25.   The Defendant's failure and refusal to forward and pay over any of the money
      which it has deducted from the employees' wages constitutes a breach of the
      terms and conditions of the collective bargaining agreement between the
      Plaintiff Union and Defendant.

26.   For the period from January 1 through September 30, 2017, Defendant has
      deducted the estimated sum of $17,568.00 from the wages of employees who
      are members of and represented by the Plaintiff Union but has unlawfully
      failed and refused to forward same to Plaintiff Union causing said Plaintiff to
      suffer actual monetary damages of the estimated sum of $17,568.00.

27.   During the pendency of this cause of action Defendant will incur additional
      liability to the Plaintiff Union for additional sums deducted from wages of
      employees and not forwarded by Defendant as required by the collective
      bargaining agreement.

**WHEREFORE,** Plaintiffs demand judgment against Defendant in sum of $17,568.00
on this Count and such additional and other sums as may accrue as due and owing
from Defendant to Plaintiff Union during the pendency of this cause of action; and
Plaintiffs further demand judgment for such other and further relief as the Court
deems equitable and just under the circusmstances.

## **FOURTH COUNT**

28.   Plaintiffs repeat and reallege each and every paragraph of the preceding
      counts as if set forth in full herein.

29.  On or about March 12, 2014, Defendant entered into a Payment Agreement
     and Consent Order for Judgment ("PAYMENT AGREEMENT") in the Event of
     Default with Plaintiffs. The Payment Agreement arose from debts owed to the
     Plaintiffs from Defendant for a prior period of time during which Defendant had
     failed to timely make payments to Plaintiffs in accordance with the above
     referenced collective bargaining agreement between the parties.

30.  The Payment Agreement between Plaintiffs and Defendant required that
     Defendant make certain payments to Plaintiffs in accordance with a specific
     time and date schedule.

31.  Defendant commenced making payments to Plaintiffs pursuant to the terms of
     the Payment Agreement in or about March 2014 and continued to make timely
     payments thereunder until in or about April 2016 when Defendant failed to
     make the payment due at that time in sum of $4,590.01 which sum remains
     due and owing.

32.  As part of the terms and conditions of the referenced Payment Agreement
     Defendant also was obligated and had agreed and promised to pay over to
     Plaintiff Union other sums that it had deducted from employee wages but
     which it had failed and refused to forward to said Union in sum of $239.74 for
     the period from May 1, 2016 through June 30, 2016.

33.  As part of the terms and conditions of the referenced Payment Agreement
     Defendant also was obligated and had agreed and promised to pay over to

Plaintiff Union other sums that it had deducted from employee wages but which it had failed and refused to forward to said Union in sum of $5,208.67 for the period from July 1, 2016 through September 30, 2016.

34. After April 2016 Defendant failed and refused to make any of the remaining payments pursuant to the Payment Agreement with such refusal constituting a breach of the terms and conditions of said Agreement.

35. Pursuant to the terms and conditions of the Payment Agreement Defendant was also required to pay $3,000.00 to Plaintiffs to reimburse Plaintiffs for legal fees and costs.

36. As a result of Defendant's breach of the terms of the Payment Agreement Defendant owes Plaintiffs an additional $13,038.42.

**WHEREFORE,** Plaintiffs demand judgment against Defendant in sum of $13,038.42 on this Count and such additional and other sums as may accrue as due and owing from Defendant to Plaintiff Union during the pendency of this cause of action; and Plaintiffs further demand judgment for such other and further relief as the Court deems equitable and just under the circusmstances.

## FIFTH COUNT

37. Plaintiffs repeat and reallege each and every paragraph of the preceding coounts as if set forth in full herein..

38. During the pendency of this cause of action it is likely that Defendant will incur and accrue further indebtedness to plaintiff Funds for benefit contributions as

described and contractually required above.

39. Plaintiffs also demand judgment for such additional sums that accrue and become due from defendant during pendency of this action.

40. Should a further audit of defendant's books and records by plaintiffs' certified accountant be required to ascertain said additional due sums, plaintiffs demand judgment for relief from the Court to conduct said audits of defendant's books and records.

41. In accordance with the applicable provisions of the above referenced Trust Agreements,  plaintiffs are entitled to interest at the rate of twelve percent (12%) per annum from the due date of any delinquent contributions that may arise during the pendency of this action, liquidated damages at the rate of 20% of the principal sum due said Funds, reasonable attorney's fees, together with costs of suit.

WHEREFORE, plaintiffs demand judgment against the defendants:

(a)    For the entry of judgment in an amount equal to such additional principal sum due and owing to the ERISA plaintiffs at the time judgment is entered, plus interest at the rate set by 26 U.S.C.A. Section 6621, liquidated damages in the amount of 20% of the principal sum due, reasonable attorneys fees, costs of suit and such other relief as is deemed equitable and just.

(b)    For the entry of judgment in an amount equal to the principal sum due

and owing all non-ERISA plaintiffs at the time judgment is entered, plus

interest, costs and such other and further relief as the Court deems

equitable and just under the circumstances.

Date:        November 3, 2017            **S/TIMOTHY R. HOTT**
                                         TIMOTHY R. HOTT